MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

kcassidy@maglaw.com
212-880-9413

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

July 31, 2026

**<u>LETTER MOTION FOR SUPPLEMENTAL NON-BINDING RECOMMENDATION TO BUREAU OF PRISONS</u>**

**<u>VIA ECF</u>**
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10017

**MEMO ENDORSED**

Re: <u>United States v. Aaron Hines,</u>
25 Cr. 0025-1 (ER)

Dear Judge Ramos:

We represent Mr. Aaron Hines in the above-referenced matter. On July 8, 2026, Your Honor sentenced Mr. Hines to a term of imprisonment of 60 months. On July 15, 2026, Your Honor entered a judgment reflecting Mr. Hines's sentence of 60 months and Your Honor's recommendation to the Bureau of Prisons ("BOP") "[t]hat the defendant be designated to a facility as close as possible to NYC with vocational training and entered in an RDAP." Mr. Hines is currently awaiting a BOP designation and transfer to a prison facility.

We respectfully submit this letter to request that the Court issue a non-binding supplemental recommendation to the BOP Designation and Sentence Computation Center ("DSCC") pursuant to 18 U.S.C. § 3621(b)(4). Specifically, we request that the Court recommend that the BOP:

1. Apply a Lesser Security Management Variable regarding Mr. Hines's remote 1999 felony murder conviction to permit placement in a minimum-security camp / low-security facility; and

2. Permit Mr. Hines access to any available educational, vocational, and rehabilitative programming (including but not limited to RDAP, UNICOR, and EBRR courses) without administrative barriers, de-prioritization, or any discretionary impact on incentives or credits arising from his remote 1999 felony murder conviction.

**1. BACKGROUND/ CONTEXT**

Mr. Hines was recently informed post-sentencing by MDC personnel that his prior felony murder conviction from 1999 could significantly impact his BOP designations, including his security level and facility placement as well as his ability to participate in and obtain credit for certain programming while in federal custody. This is despite the fact that Mr. Hines's prior felony murder conviction occurred 27 years ago, he was only 19 years old at the time, he served eight years in state custody for the offense, and his coconspirator Sidney Shepard's death was caused by store employees, not by Mr. Hines. Mr. Hines has not had any violent convictions in the nearly three decades since his felony murder conviction.

Under BOP Program Statement 5100.08 (Inmate Security Designation and Custody Classification), a prior conviction involving a homicide generates points under the "History of Violence" scoring item. BOP Program Statement 5100.08, Chapter 4, Pages 9-10. This score can artificially inflate an inmate's total risk score. BOP Program Statement 5100.08 explicitly authorizes DSCC staff to apply a "Lesser Security Management Variable" when an inmate's scored security level or discretionary hold overstates their actual security risk.

**2. BASIS FOR JUDICIAL RECOMMENDATION**

While the BOP retains sole discretion over inmate classification under 18 U.S.C. § 3621(b), pursuant to 18 U.S.C. § 3621(b)(4), the BOP considers statements and recommendations made by the sentencing court. A non-binding recommendation from Your Honor noting that the 1999 conviction is remote in time, that Mr. Hines presents no current threat of violence, and that a minimum/low security facility is appropriate will carry substantial weight when DSCC staff evaluate whether a Lesser Security Management Variable is warranted. Similarly, with respect to programmatic access, a non-binding recommendation from Your Honor expressing that Mr. Hines should not be limited in his access to programming or the benefits of programming due to his remote 1999 felony murder offense can meaningfully aid Mr. Hines in receiving the drug treatment, therapy and vocational training he needs to be successful upon release.

**3. GOVERNMENT POSITION**

Counsel for the government has been consulted and takes no position on this request.

**4. CONCLUSION**

For the reasons stated above, Mr. Hines respectfully requests that the Court endorse this letter or issue a supplemental recommendation to the BOP expressing the Court's view that: <u>(1) A Lesser Security Management Variable is appropriate in light of the remoteness and nature of Mr. Hines's felony murder conviction under BOP Program Statement 5100.08 to permit designation</u>

to a minimum/low security facility; and (2) Mr. Hines should receive access to any available educational, vocational, and rehabilitative programming (including but not limited to RDAP, UNICOR, and EBRR courses) without administrative barriers, de-prioritization, or any discretionary impact on incentives or credits arising from his remote 1999 felony murder conviction.

We appreciate the Court's time and attention to this matter.

Sincerely,

*/s/ Kathleen E. Cassidy*
Kathleen E. Cassidy
Tyler J. Good-Cohn

*Attorneys for Aaron Hines*

cc: Assistant United States Attorney Henry L. Ross (*via ECF*)

The application is granted.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: 8/3/2026
New York, New York

**SO RECOMMENDED:**

The Court respectfully submits the following non-binding recommendations to the Federal Bureau of Prisons pursuant to 18 U.S.C. § 3621(b):

1. In light of the passage of 27 years since Mr. Hines's 1999 felony murder conviction where he did not kill his coconspirator who passed away and his lack of any convictions for violence in the intervening decades, the Court finds that the felony murder conviction overstates his present security risk. The Court recommends that the BOP apply a Lesser Security Management Variable under BOP Program Statement 5100.08 to permit designation to a minimum-security camp / low-security facility.

2. The Court recommends that Mr. Hines be afforded full access to all available educational, vocational, and rehabilitative programming (including but not limited to RDAP, UNICOR, and EBRR courses) without administrative barriers, de-prioritization, or any discretionary impact on incentives or credits arising from his remote 1999 felony murder conviction.

________________________________________
Hon. Edgardo Ramos
United States District Judge

Dated: ________________, 2026
New York, New York